UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERYTHING PETS, INC., d/b/a/ POOCH & KITTY, : | Civil Action No. |
| Plaintiff : | |
| v. : | |
| MARK KAPPAUF, : | |
| Defendant : | |

**VERIFIED COMPLAINT**

Plaintiff, Everything Pets, Inc., by and through its undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., files the within Complaint and, in support thereof, avers as follows:

1. Plaintiff, Everything Pets, Inc., ("Plaintiff") is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1144 Treeline Drive, Allentown, Pennsylvania 18103.

2. Defendant Mark Kappauf, ("Defendant Kappauf") is an adult individual citizen of the Commonwealth of Pennsylvania having his residence at 37 Park Street, Nazareth, Pennsylvania 18064.

3. This action arises under 15 U.S.C. §§1121 and 1125 and 54 Pa. C.S.A. §§1101 et. seq.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121(a).

5. Venue in this district is appropriate pursuant to 28 U.S.C. §1391(b), as Defendant Kappauf resides in this district and the events giving rise to the claims occurred in this district.

6.      Plaintiff sells pet supplies and otherwise trades and does business under the name "Pooch & Kitty" at retail locations throughout the Lehigh Valley region of Pennsylvania.

7.      Plaintiff has operated retail outlets under the name "Pooch & Kitty" since 1995, but the business had been continuously operated by Plaintiff's predecessor under that name since 1983.

8.      Over the years, Plaintiff and Plaintiff's predecessor expended substantial time and money to promote and develop the good will and value of the name "Pooch & Kitty" in the Lehigh Valley region of Pennsylvania, including advertising and promoting the name, as well as the services, goods and products associated therewith.

9.      Plaintiff is the owner of Federal Trademark Registration No. 1,641,631, granting Plaintiff the exclusive trade usage of the mark "Pooch & Kitty and design," which registration was originally filed on December 8, 1989 and was issued on April 16, 1991. A true and correct copy of Plaintiff's Federal Trademark Registration is attached hereto as Exhibit "A" and is incorporated herein by reference.

10.      The rights to the entire interest and good will in the trademark "Pooch & Kitty and design" were assigned to Plaintiff on April 10, 1995, which assignment was recorded with the United States Patent and Trademark Office on April 24, 1995.

11.      By notice dated June 6, 2002, the United States Patent and Trademark Office notified Plaintiff that Registration No. 1,641,631, relating to the mark "Pooch & Kitty and design" had been renewed. A true and correct copy of the combined Notice of Acceptance and Notice of Renewal is attached hereto as Exhibit "B," and is incorporated herein by reference.

12. Plaintiff is also the registrant of the fictitious name "Pooch & Kitty Pet Supplies," filed with the Department of State for the Commonwealth of Pennsylvania on April 24, 1995. Said fictitious name was originally registered by Plaintiff's predecessor with the Department of State of the Commonwealth of Pennsylvania on May 9, 1983. A true and correct copy of the Fictitious Name Amendment, Cancellation or Withdrawal form indicating that Plaintiff has been added to the registration for the fictitious name is attached hereto as Exhibit "C," and is incorporated herein by reference.

13. Plaintiff has acquired and owns the sole proprietary right and interest in the trade names, trademarks and service marks used in the conduct of its business, including but not limited to the registered trade name "Pooch & Kitty" (hereinafter "Plaintiff's Mark").

14. Over the years, Plaintiff and Plaintiff's predecessor expended substantial time and money to promote and develop the good will and value of Plaintiff's Mark throughout the Lehigh Valley region of Pennsylvania, including advertising and promoting Plaintiff's Mark, as well as the services, goods and products associated therewith.

15. Plaintiff's Mark is a distinctive mark.

16. Plaintiff's Mark is a famous mark.

17. The Internet Corporation for Assigned Names and Numbers ("ICANN") is a non-profit organization that oversees the master registry of internet domain names (as defined in 11 U.S.C. §1127).

18. ICANN has adopted a written policy, dated October 24, 1999, entitled "Uniform Domain Name Dispute Resolution Policy", which provides, in pertinent part, that:

> We (ICANN) will cancel, transfer, or otherwise make changes to domain name registrations under the following circumstances:
> . . .

3

    b. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action;

19. Defendant Kappauf resides in the Lehigh Valley region of Pennsylvania, where Plaintiff's business is located.

20. Defendant Kappauf is the registrant with ICANN, through its accredited registrars, VeriSign, Inc. and Namesecure.com, Inc., of the domain names "poochandkitty.com" and "poochnkitty.com" (hereinafter the "Infringing Domain Names").

21. Defendant Kappauf first registered the Infringing Domain Names on or about March 28, 2000.

22. Plaintiff's Mark is distinctive and was so at the time that Defendant Kappauf caused the Infringing Domain Names "poochnkitty.com" and "poochandkitty.com" to be registered in his name.

23. The Infringing Domain Names are confusingly similar to Plaintiff's Mark.

24. The Infringing Domain Names are dilutive of Plaintiff's Mark.

25. The public is likely to be confused or misled into believing that the Infringing Domain Names are associated with, authorized by, sponsored by, approved of or otherwise related to Plaintiff.

26. Defendant Kappauf registered the Infringing Domain Names with a bad faith intent to profit from Plaintiff's Mark.

27. Defendant Kappauf registered the Infringing Domain Names with a bad faith intent to prevent Plaintiff from registering the domain names.

28. Defendant Kappauf has no reason to use the Infringing Domain Names except to prevent Plaintiff from registering and using said domain names.

29. Moreover, Plaintiff is unable to register a domain name utilizing the symbol "&" and, therefore, has no ability to utilize Plaintiff's Mark as a domain name.

30. Defendant Kappauf has not previously, and does not now utilize either Infringing Domain Name in connection with the bona fide offer of any goods or services within the meaning of 15 U.S.C. §§1125(d)(1)(B)(i)(I), (II), and (III).

31. The Infringing Domain Names "poochandkitty.com" and "poochnkitty.com" are currently "dead links," meaning that they have no content and direct the viewer to a Namesecure.com, Inc. web site that informs the viewer only that said domain name has been registered.

32. Defendant Kappauf has not used the Infringing Domain Names "poochandkitty.com" and "poochnkitty.com" for non-commercial purposes or within the meaning of the fair use provisions of 15 U.S.C. §1125(d)(1)(B)(i)(IV).

33. Pursuant to 15 U.S.C. §1125(d)(1)(B)(i)(VIII), the court may consider the following (in addition to the facts described in paragraphs 30, 31, and 32 above) in determining whether a person has acted in bad faith by registering, trafficking in or using a domain name:

> the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties . . .

15 U.S.C. §1125(d)(1)(B)(i)(VIII).

34. The fact that a consumer is directed to a "dead link" when seeking Plaintiff's products and services makes it likely that Plaintiff's Marks will be tarnished or disparaged by Defendant Kappauf's improper registration of the Infringing Domain Names within the meaning of 15 U.S.C. §1125(d)(1)(A(ii)(I) and 15 U.S.C. §1125(d)(1)(B)(i)(V).

35. Defendant Kappauf has caused the Infringing Domain Names "poochandkitty.com" and "poochnkitty.com" to be registered with the knowledge that these Infringing Domain Names are identical to or confusingly similar to, marks of other persons that were distinctive at the time of registration (<u>i.e.</u>, Plainitff's Mark), within the meaning of 15 U.S.C. §§1125(d)(1)(A)(ii)(I) and (II) and 15 U.S.C. §1125(d)(1)(B)(i)(VIII).

36. Plaintiff has demanded in writing that Defendant Kappauf surrender the Infringing Domain Names "poochandkitty.com" and "poochnkitty.com."  A true and correct copy of such written demand, together with signed certified mail receipt, is attached hereto as Exhibit "D" and is incorporated herein by reference.

37. Defendant Kappauf has failed and refused to surrender the Infringing Domain Names "poochandkitty.com" and "poochnkitty.com."

## COUNT I – FEDERAL UNFAIR COMPETITION

38. Plaintiff incorporates by reference all preceding paragraphs, as if set forth at length.

39. Defendant Kappauf's acts violate the provisions of the Lanham Act, 15 U.S.C. §1125(a), in that:

   (a) Defendant's use of the Infringing Domain Names is likely to cause confusion as to the affiliation, connection or association of Defendant Kappauf with Plaintiff;

   (b) Defendant's use of the Infringing Domain Names is likely to cause mistake as to the affiliation, connection or association of Defendant Kappauf with Plaintiff;

   (c) Defendant's use of the Infringing Domain Names is likely to deceive the public as to the affiliation, connection or association of Defendant Kappauf with Plaintiff;

    (d) Defendant's use of the Infringing Domain Names is likely to cause confusion as to the origin, sponsorship or approval of his goods, services or commercial activities by another person;

    (e) Defendant's use of the Infringing Domain Names is likely to cause a mistake as to the origin, sponsorship or approval of his goods, services or commercial activities by another person;

    (f) Defendant's use of the Infringing Domain Names is likely to deceive as to the origin, sponsorship or approval of his goods, services or commercial activities by another person; and

    (g) Defendant's use of the Infringing Domain Names misrepresents the nature, characteristics, qualities or geographic origin of his or another person's goods, services or commercial activities.

  40. Defendant Kappauf's acts have caused and continue to cause Plaintiff to suffer losses and damages.

  41. Plaintiff has no adequate remedy at law.

  WHEREFORE, Plaintiff demands that:

    (a) Defendant Kappauf, his successors, assigns, employees, attorneys, related business entities and all other persons acting in privity or in concert with any of them, be enjoined preliminarily during the pendency of this action and permanently thereafter, from using or abiding, causing or abetting the continued use of the domain names "poochandkitty.com" and "poochnkitty.com" and/or any other domain name or domain names substantially similar thereto;

7

(b) Defendant Kappauf be ordered to pay Plaintiff compensatory, punitive and treble damages as a result of his wrongful conduct, or in the alternative, statutory damages not to exceed $100,000 per domain name.

(c) Defendant Kappauf be ordered to pay Plaintiff's attorney's fees and costs connected with this action; and

(d) Plaintiff be awarded such other and further relief as may be appropriate.

## COUNT II – COMMON LAW UNFAIR COMPETITION

42. Plaintiff incorporates by reference all preceding paragraphs, as if set forth at length.

43. Defendant Kappauf's acts and activities constitute common law unfair competition, in that Defendant's use of the Infringing Domain Names constitutes a misappropriation of the skill, expenditures and labor of Plaintiff.

44. Defendant Kappauf's acts and activities have caused and continue to cause, Plaintiff to suffer losses and damages.

45. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands that:

(a) Defendant Kappauf, his successors, assigns, employees, attorneys, related business entities and all other persons acting in privity or in concert with any of them, be enjoined preliminarily during the pendency of this action and permanently thereafter, from using or abiding, causing or abetting the continued use of the domain names "poochandkitty.com" and "poochnkitty.com" and/or any other domain name or domain names substantially similar thereto;

  (b) Defendant Kappauf be ordered to pay Plaintiff compensatory, punitive and treble damages as a result of his wrongful conduct, or in the alternative, statutory damages not to exceed $100,000 per domain name.

  (c) Defendant Kappauf be ordered to pay Plaintiff's attorneys' fees and costs connected with this action; and

  (d) Plaintiff be awarded such other and further relief as may be appropriate.

## COUNT III – CYBERPIRACY

 46. Plaintiff incorporates by reference all preceding paragraphs, as if set forth at length.

 47. Defendant Kappauf's acts and actions violate the anticybersquatting provisions of 11 U.S.C. §1125(d) in that, Defendant has, with a bad faith intent to profit from Plaintiff's Mark, registered, trafficked, or used the Infringing Domain Names which are identical or confusingly similar to or dilutive of Plaintiff's Mark.

 48. Defendant Kappauf's acts and activities have caused and continue to cause, Plaintiff to suffer losses and damages, including but not limited to statutory damages of not more than $100,000 and not less than $1,000 per domain name.

 49. Plaintiff has no adequate remedy at law.

 WHEREFORE, Plaintiff demands that:

  (a) Defendant Kappauf, his successors, assigns, employees, attorneys, related business entities and all other persons acting in privity or in concert with any of them, be enjoined preliminarily during the pendency of this action and permanently thereafter, from using or abiding, causing or abetting the continued use of the domain names "poochandkitty.com" and "poochnkitty.com" and/or any other domain name or domain names substantially similar thereto;

9

  (b) Defendant Kappauf be ordered to pay Plaintiff compensatory, punitive and treble damages as a result of his wrongful conduct, or in the alternative, statutory damages not to exceed $100,000 per domain name.

  (c) Defendant Kappauf be ordered to pay Plaintiff's attorneys' fees and costs connected with this action; and

  (d) Plaintiff be awarded such other and further relief as may be appropriate.

          DOUGLAS J. SMILLIE

          FITZPATRICK LENTZ & BUBBA, P.C.
          4001 Schoolhouse Lane
          P.O. Box 219
          Center Valley, PA 18034-0219
          (610) 797-9000

Date: June  , 2002      BY:_____
            Attorney for Plaintiff