UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVERYTHING PETS, INC., d/b/a/  :  Civil Action
POOCH & KITTY,                 :
                               :
         Plaintiff             :
                               :
    v.                         :
                               :  NO. 02-cv-04029
MARK KAPPAUF,                  :
                               :
         Defendant             :

**PLAINTIFF'S PRETIRAL MEMORANDUM**

Pursuant to the Court's Scheduling Order dated October 10, 2002, Plaintiff submits this Pretrial Memorandum in accordance with Local Rule 16.1(c).

**I.   STATEMENT OF THE NATURE OF THE ACTION ON THE BASIS ON WHICH JURISDICTION OF THE COURT IS INVOKED**

This action involves claims under the Lanham Act, 15 U.S.C. §1125(a) and §1125(d). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121(a).

**II.  BRIEF STATEMENT OF THE FACTS OF THE CASE**

This case asserts claim for federal unfair competition and, in particular, cyberpiracy. Everything Pets, Inc. operates a business in the Lehigh Valley region of Pennsylvania selling pet supplies under the trade name "Pooch & Kitty." Plaintiff has operated retail outlets under the name Pooch & Kitty since 1995, but the business had been continuously operated by Plaintiff's predecessor under that name since 1983. Over the years, Plaintiff and Plaintiff's predecessor spent substantial time and money to promote and develop the good will and value of the name

1

Pooch & Kitty, including advertising and promoting the name as well as the services, goods and products associated therewith.

Plaintiff is the owner of Federal Trademark Registration No. 1,641,631, granting Plaintiff the exclusive trade usage of the mark Pooch & Kitty and design, which registration was originally filed on December 8, 1989, and which was issued on April 16, 1991. The rights to the entire interest and good will of the trademark "Pooch & Kitty and design" were assigned to Plaintiff on April 10, 1995, which assignment was recorded with the United States Patent and Trademark Office on April 24, 1995. Plaintiff has also duly registered its trade name.

Defendant, Mark Kappauf, resides in the Lehigh Valley region of Pennsylvania where he is employed by United Parcel Service. Plaintiff contends that as part of his travels in the region, as well as the fact that he is an area resident, Defendant is aware of Plaintiff's usage of the name "Pooch & Kitty" at its various retail outlets. Notwithstanding such knowledge, and Plaintiff's duly registered Federal Trademark, Defendant misappropriated the internet domain names "poochandkitty.com" and "poochnkitty.com" on or about March 28, 2000. Because of the confusing similarity between Plaintiff's registered trademark and trade name, and because Defendant's registration blocked Plaintiff from using its own mark as a URL on the internet, Plaintiff sent written correspondence to Defendant by certified mail advising him of Plaintiff's ownership of the trademark, and requesting that Plaintiff transfer the domain names to Plaintiff. The correspondence expressly advised Defendant that his actions were in violation of the Anti-CyberSquatting Consumer Protection Act. Notwithstanding receipt of the correspondence, Defendant took no action to transfer the domain names to Plaintiff.

On the contrary, in flagrant disregard of Plaintiff's rights, Defendant renewed his registration in 2002. Plaintiff believes that Defendant still maintains the infringing domain names in his name.

### III.     ITEMS OF MONETARY DAMAGE

Defendant's actions have prevented Plaintiff from using and controlling the domain names "poochnkitty.com" and "poochandkitty.com," resulting in losses of revenue to Plaintiff. Plaintiff is alternatively entitled to statutory penalties. In addition, Defendant, by registering and refusing to relinquish said domain names, violated Plaintiff's trademark rights. Defendant is directly responsible for all costs to Everything Pets, Inc. relating to its attempts to start up a website using its rightful domain names "poochandkitty.com" and "poochnkitty.com" from the serving of notice on Defendant on April 28, 2000 until such time as Defendant relinquishes above domain names to Plaintiff. Costs to Everything Pets, Inc. include, but are not limited to:

- A) Costs incurred to date in attempting to set up a Pooch & Kitty website, including reasonable costs of its employees' time;

- B) Any and all legal costs to enforce Plaintiff's rights and to resolve this matter (recoverable to prevailing Plaintiff under the Lanham Act);

- C) Lost profits from the inability of Everything Pets, Inc. to use its rightful domain names;

- D) Costs incurred to date in attempting to secure Plaintiff's lawful domain names poochandkitty.com and poochnkitty.com, including reasonable costs of its employees' time;

- E) Statutory penalties.

In addition to its retail establishments, Everything Pets, Inc. owns a separate mail-order catalog and pet supply wholesale distribution company: Imperial Pet Products. Because of the close relationship between the companies, Pooch & Kitty as a retail establishment should be able to warehouse and distribute pet products worldwide in volume, and at competitive prices, using its lawful internet domain names "poochandkitty.com" and "poochnkitty.com." The goals of the Pooch & Kitty internet site are outlined below:

1) To allow existing customers of Pooch & Kitty to view the monthly sale advertisement twenty-four hours per day, seven days per week. Pooch & Kitty typically advertises once per month in the Saturday edition of The Morning Call newspaper. Many customers are either away from home on that particular weekend, or may be too busy to read the paper thoroughly that day. With website access, these customers would be able to see our advertisement at any time they desire, without having to read the newspaper on any particular day. This significant additional presence is expected to significantly increase sales to Pooch & Kitty's existing customer base.

2) To allow new customers access to Pooch & Kitty's sale advertisement. New customers would be those who may not receive the Saturday edition of The Morning Call newspaper, but may have heard about Pooch & Kitty from one of the many other forms of advertisement (radio, television, printed materials, etc.) Allowing 24/7 access to Pooch & Kitty's competitive prices for new customers is one of the most significant benefits of a website. This alone is expected to increase overall sales of pet food and supplies in excess of seven to ten percent (7 – 10%).

3) To allow Pooch & Kitty to easily collect e-mail addresses of customers and potential customers to enable e-mail marketing activities directed at specific customer sets. By way of example, this would allow Pooch & Kitty to send e-mails directly to Science Diet pet food customers when their pet food(s) are on sale, or to alert them to a new product they may be interested in.

4)      To make the website a source of pet information by linking to various other websites of interest to pet enthusiasts, and for dissemination of information on the site itself important to pet enthusiasts. For example, Pooch & Kitty has exclusive distribution rights to Innova and California Natural pet foods. By allowing people to link to the naturapet.com website, customers can easily see for themselves how this pet food compares to others on the market. By establishing an easy-to-use link like this, Pooch & Kitty expects to significantly increase its sales of higher-margin products like Innova and California Natural pet foods, thereby increasing its gross profit margins.

5)      To allow new customers to find Pooch & Kitty from other websites, such as manufacturers, who can direct a potential customer to the Pooch & Kitty website. Because consumers are now very web literate, potential customers looking for a particular product will search the internet or sites of manufacturers to gather additional information. These websites generally allow retailers to supply a link to their own website in order to attract a potential sale.

6)      To allow Pooch & Kitty to easily collect marketing information from its customers. A website allows collection of purchasing and some personal information about customers who visit the site. This information can then be used to further increase sales.

7)      To allow Pooch & Kitty to sell its large range of products anywhere in the world. This is one of the biggest potential sales areas with a website. As stated above, Pooch & Kitty is a "vertically integrated" company with the resources already in place to ship world-wide. Pooch & Kitty, with its Federal Trademark, is entitled to use its lawful names throughout the United States without infringement.

8)      To allow Pooch & Kitty's best customers to receive special discounts and promotions not available to everyone. This would allow Pooch & Kitty to retain its best customers by offering continuing incentives to remain loyal to the Pooch & Kitty brand. Actual damages to Pooch & Kitty from loss of use of its lawful domain names "poochandkitty.com" and "poochnkitty.com" are calculated with reference to categories (a) through (d) above:

5

Items of Damages

    CATEGORY (A) – Costs Incurred To Date Setting up a Website: 3.5 Hours @ $100.00/hr – (3) Meetings with website design firm $350.00 January – April, 2000

    CATEGORY (B) – Legal Costs to resolve this Matter Invoices are included as Plaintiff's response to Defendant's Request for Production of Documents, Item 11.  Total (received to date) of invoices to Fitzpatrick, Lentz and Bubba, P.C.: $5,500.00 (estimated)

    CATEGORY (C) – Lost profits from the inability of Everything Pets, Inc. to use its rightful domain names.  Basis for calculation is as follows:

    Estimated Time Lost = 3.0 years (4/28/00 – 4/28/03) Estimated Sales Lost = 15% of Plaintiff's Current Annualized Sales Volume (From Goals of Website, Items (1) through (8) above) = 15% of $2.0 Million/Year Estimated Profit Lost = (Estimated Sales Lost) x (Estimated Time Lost) x (Plaintiff's Average Gross Margin on Sales) = 3.0 x (.15) x (2,000,000) x (35%) = $315,000.00

    CATEGORY (D) - Costs Incurred To Date Attempting to Secure Plaintiff's Domain Names: Snapnames.com 1-year subscription $69.00 1.0 Hour @ $100.00/hr to set up same $ 100.00

TOTAL DAMAGES TO EVERYTHING PETS, INC. TO DATE:  $321,019.00

**IV.**     **ESTIMATED NUMBER OF DAYS REQUIRED FOR TRIAL**

Plaintiff estimates that the trial will take one day.

6

**V.    SPECIAL COMMENTS REGARDING LEGAL ISSUES, STIPULATIONS AMENDMENTS TO PLEADINGS OR OTHER APPROPRIATE MATTERS**

None at this time.

                                      Respectfully submitted,

                                      DOUGLAS J. SMILLIE

                                      FITZPATRICK LENTZ & BUBBA, P.C.
                                      4001 Schoolhouse Lane
                                      P.O. Box 219
                                      Center Valley, PA 18034-0219
                                      (610) 797-9000

Date:   March 26, 2003                 By: _____/S/_____
                                                  Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERYTHING PETS, INC., d/b/a/ POOCH & KITTY, | : : : | Civil Action |
| Plaintiff | : : | |
| v. | : : | NO. 02-cv-04029 |
| MARK KAPPAUF, | : : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, DOUGLAS J. SMILLIE, hereby certify that a true and correct copy of the Plaintiff's Pretrial Memorandum has been filed electronically and is available for viewing and downloading from the ECF System. In addition, a true and correct copy was served upon counsel for Defendant at the following address, by regular U.S. Mail, postage prepaid, upon the following:

Tommaso V. Lonardo, Esquire
451 West Linden Street
Allentown, PA 18102-3453

FITZPATRICK LENTZ & BUBBA, P.C.

Dated:   March 26, 2003          By:_____/S/_____
                                         Douglas J. Smillie
                                         4001 Schoolhouse Lane
                                         P.O. Box 219
                                         Center Valley, PA 18034-0219
                                         (610) 797-9000